**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3597
_____

ALICIA STRANZL,
                                        Appellant

v.

DELAWARE COUNTY


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 5-13-cv-01393)
District Judge: Honorable Henry S. Perkin
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 20, 2015

Before: MCKEE, Chief Judge, RENDELL, and FUENTES, *Circuit Judges*

(Filed: April 10, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

Alicia Stranzl appeals the District Court's order granting summary judgment to her employer, Delaware County (PA). Stranzl brings discrimination claims based on hostile work environment under the Americans With Disabilities Act and the parallel provisions of the Pennsylvania Human Relations Act. She also brings a retaliation claim under the Family and Medical Leave Act. We will affirm.

Stranzl has been a caseworker for Delaware County's Office of Children's and Youth Services since 2007. In 2011, Stranzl entered a part-time graduate program in social work, paid for by Delaware County, that allowed her to credit her casework towards her graduate program. After Stranzl enrolled, Delaware County was notified that the graduate program's benefits involved double dipping in federal funds. In January 2012, Delaware County told Stranzl that, to continue in the tuition-free graduate program, she would have to take a two year, paid leave of absence from her position and pursue her graduate work full-time. Under the new arrangement, Stranzl would perform fieldwork for course credit in the same offices she worked as a full-time caseworker.

According to the record on appeal, on February 23, 2012, before changing her status in the graduate program, Stranzl began to cry at work and informed her supervisor that she had not eaten or slept in days because of her demanding schedule. The supervisor contacted Project Reach—a local mental health crisis unit—which came and spoke with Stranzl. The Project Reach team members and Stranzl's supervisors told her to take a few days off work. When Stranzl saw a doctor a few days later, he advised that she take a leave of

absence on account of work-related stress and anxiety. Consistent with the Family and Medical Leave Act, she received leave from March 2012 until September 2012. By the time of her return in September 2012, she was no longer a regular employee, but now a full-time student assigned to a Delaware County office for fieldwork. She was placed in a different office within the county for her fieldwork than the one she had worked in as a full-time employee, and her request to transfer her previous case files was denied. She also alleges irregularities in her first paycheck following her return from leave.

To establish a prima facie case of discrimination under the Americans With Disabilities Act, a plaintiff must show (1) that she is disabled within the meaning of the Act, (2) that she is otherwise qualified for the job, with or without reasonable accommodations, and (3) that she was subjected to an adverse employment action as a result of discrimination. *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010).

The District Court correctly concluded that Stranzl cannot show an adverse employment action. Stranzl contends that Delaware County created a hostile work environment by calling Project Reach, assigning her to a new office upon her return, denying transfer of her files, and failing to properly process her first paycheck. As we have explained, "isolated incidents (unless extremely serious) are not sufficient to sustain a hostile work environment claim." *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005). This is because, for harassment to constitute an adverse employment action, "the conduct must be [sufficiently] extreme to amount to a change in the terms and conditions of

3

employment." *Id*. Stranzl's allegations do not come close to meeting this standard.[1] Her Americans With Disabilities Act and parallel Pennsylvania state law claims fail accordingly. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (Pennsylvania courts generally interpret the Pennsylvania Human Relations Act in accord with its federal counterparts).

To recover for retaliation under the Family and Medical Leave Act, a plaintiff must demonstrate that (1) she took leave under the Act; (2) she suffered a materially adverse action; and (3) the adverse action was causally connected to her taking of protected leave. *Conoshenti v. Pub. Serv. Elec. & Gas Co.,* 364 F.3d 135, 146 (3d Cir. 2004); *see also Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 67 (2006) (in Title VII context, clarifying that employer's retaliatory act need not relate to employment to state a claim for retaliation). An alleged retaliatory action is "materially adverse" if it "well might have dissuaded a reasonable worker" from exercising a right under the Act. *Moore v. City of Phila.,* 461 F.3d 331, 341 (3d Cir. 2006) (citing *Burlington,* 548 U.S. at 67-68).

The District Court determined that no adversity can be found in Stranzl's relocation and lack of access to her old files. We agree. The record shows these perceived slights were incident to Stranzl's transition to full-time graduate student, and, as such, we do not see how they might have dissuaded a reasonable person in her position from taking leave. *See id*. Stranzl's claim under the Family and Medical Leave Act consequently fails as well.

---

[1] Far from constituting a severe act of discrimination, Delaware County acted commendably when it contacted the mental health experts at Project Reach. The assertion that it gives rise to a discrimination claim is troubling. *Cf.* Fed. R. Civ. P. 11(b)(2).